

*1032980936*

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| PATRICIA CLIFTON, ) | |
| ) | CJ-2016-02279 |
| Plaintiff, ) | Case No. Linda Morrissey |
| ) | |
| vs. ) | Attorney Lien Claimed |
| ) | |
| MORTON COMPREHENSIVE ) | |
| HEALTH SERVICES, INC ) | |
| Defendant. ) | |

## PETITION

COMES NOW the Plaintiff, Patricia Clifton, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, Morton Comprehensive Health Services, Inc. for violations of Plaintiff's constitutionally protected rights arising out of her employment and termination by said Defendant. In support of her Petition, Plaintiff states as follows:

### PARTIES, JURISDICTION & VENUE

1.      This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-2, hereinafter ("Title VII") and the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. 621 *et seq.* (hereinafter "ADEA"). The Plaintiff also brings this claim under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. for retaliation for exercising her rights under the FMLA.

2.      Plaintiff, Patricia Clifton, an African American male and resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on her race and age.

1



EXHIBIT A

3. Plaintiff received a Notice of Right to Sue on March 24, 2016, and this Petition has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

4. As such, Plaintiff has exhausted her available administrative remedies and has complied fully with all prerequisites in this Court under Title VII, the ADEA and the OADA.

5. Actual and Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g) and 25 O.S. § 1301 et seq.

6. Liquidated damages are sought pursuant to 29 U.S.C. § 2601 et seq and the OADA.

7. Punitive damages are sought pursuant to 42 U.S.C. § 1981 and 25 O.S. § 1301 et seq.

8. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g) and 25 O.S. § 1301 et seq.

9. Plaintiff is a resident of Tulsa County, State of Oklahoma.

10. Defendant, Morton Comprehensive Health Services, Inc., operates in Tulsa County and regularly employs more than fifteen (15) employees.

11. The incidents and occurrences giving rise to Plaintiff's claims occurred in Tulsa County, State of Oklahoma.

12. Therefore, jurisdiction and venue properly lie in this Court.

### FACTS COMMON TO PLAINTIFF'S CLAIMS

13. Plaintiff incorporates the preceding paragraphs as if re-alleged.

14. The Plaintiff is an African American female and was sixty-four (64) years of age at the time of her termination from employment with defendant.

15.     Plaintiff began her employment with Defendant on March 18, 2002 as a dental assistant.

16.     The Plaintiff worked for the Defendant for over twelve (12) years with no issues regarding her performance and always met expectations in performing her job duties.

17.     In February 2014 Steven Dunn became the dental manager and hired a substantially younger Caucasian employee, Nikki Bowman, in April 2014. The Plaintiff began noticing Dunn was nit-picking her performance and she began being treated differently with respect to work assignments and training.

18.     The Plaintiff became seriously ill in August 2014 and required medical leave. She applied for and was granted leave under the Family Medical Leave Act. She returned to work after Labor Day, in September 2014. Upon her return, the head of Human Resources, Claudia Underwood, informed her that she would be reassigned but was unsure of the position she would be placed into.

19.     The Plaintiff was told that there were dentists who did not want to work with her and that she would have to go to part-time at the Defendant's satellite office. This made no sense to the Plaintiff as she had worked with both Dr. Williams and Dr. Johnson with no issues over the years and when she asked them if they had stated they did not want her to assist them they both indicated they had no problems working with her. One dentist who she did have an issue with, Dr. Anderson, was terminated and was no longer in the office at the time she was told she would have to go part time.

20.     The Defendant had the Plaintiff train two substantially younger employees to work at the front desk.

21. The Plaintiff was treated disparately compared to substantially younger Caucasian coworkers with respect to vacation, training, and breaks. Mr. Dunn constantly harassed her regarding her work breaks, despite the fact that the Plaintiff worked many twelve hour shifts due to understaffing. The Plaintiff noticed that substantially younger Caucasian coworkers were not harassed when they took breaks. Mr. Dunn failed to approve vacation requests for the Plaintiff and other minority coworkers while approving vacation requests for substantially younger Caucasian coworkers. The Plaintiff also believes she was not provided as much training and opportunities to complete training and certification classes while her substantially younger Caucasian coworkers were provided with time during work hours to complete such training and certifications.

22. Then on November 24, 2014 the Defendant informed the Plaintiff that she was no longer needed due to Dr. Johnson's exit from the practice. However, the Plaintiff is aware that a new dentist started with the practice shortly after her termination, and Nikki Bowman, the substantially younger Caucasian coworker Mr. Dunn hired, was assigned to work with the new dentist. The Plaintiff could have remained employed and worked as a dental assistant for the new dentist.

23. The Plaintiff believes she was replaced with a substantially younger Caucasian employee, she believes she was treated disparately and terminated from employment because of her age and her race and she believes she was also terminated in retaliation for taking protected leave under the FMLA.

24. The Plaintiff is also aware of other African American and older individuals who were terminated from employment with the Defendant close to their respective ages of

retirement and believes that Defendant was systematically getting rid of its older, African American employees.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE (TITLE VII) AND THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA) 25 O.S. § 1301 ET SEQ

19. Plaintiff incorporates the preceding paragraphs as if re-alleged.

20. By continually subjecting the Plaintiff to disparate treatment based on race and terminating the Plaintiff's employment, Defendant violated Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act (OADA) 25 O.S. § 1301 et seq.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981

21. Plaintiff incorporates the preceding paragraphs as if re-alleged.

22. By continually subjecting Plaintiff to disparate treatment based on race, and ultimately terminating her employment, Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;

e. Equitable Relief.
f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE FMLA

23. Plaintiff incorporates the preceding paragraphs as if re-alleged.

24. By unfairly terminating the Plaintiff's employment in retaliation for her exercising her right to FMLA, the Defendant has violated 29 U.S.C. § 2601 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Liquidated damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## DISCRIMINATION BASED ON AGE IN VIOLATION OF THE ADEA

25. Plaintiff incorporates the preceding paragraphs as if re-alleged.

26. The foregoing conduct violates the ADEA of 1967 as amended, 29 U.S.C. § 621 *et seq.*

27. Plaintiff experienced disparate treatment compared to co-workers under the age of forty (40) with regard to job assignments, training, discipline, benefits, and termination from employment in violation of the ADEA.

28. Defendant's discriminatory practices have resulted in the loss of past and future wages and other job benefits, and have caused Plaintiff to suffer humiliation, embarrassment, and emotional distress.

29. Defendant committed the act alleged with malice or reckless indifference to the protected rights of the Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined by a jury.

30. Upon information and belief, Plaintiff's termination was motivated in substantial part by her age, in violation of the ADEA.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a. Back pay and lost benefits; front pay until normal retirement;
b. Compensatory damages for her mental anguish, pain and suffering, and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
d. Plaintiff's attorney fees and the costs and expenses of this action;
e. Injunctive relief;
f. Such other relief as the Court deems just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*